ELIZABETH TRUST COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. CENTRAL LUMBER COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPEL-LANT.

Submitted May 2, 1933—Decided December 15, 1933.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and HEHER.

For the defendant-appellant, *Francis A. Gordon* (*John M. Mackenzie,* of counsel).

For the plaintiff-respondent, *Samuel Koestler.*

PER CURIAM.

The plaintiff moved to strike defendant's answer and counter-claim and for a summary judgment. The judge of the Union County Circuit Court granted the motion upon the presentation of affidavits and answering affidavit.

We find no fault with such action.

The suit was based upon a promissory note made by the defendant for the sum of $14,000 which note was due and unpaid and had been protested for non-payment. The answer admitted that no part of the note had been paid, and denied merely that such sum of money was due and owing from the defendant to the plaintiff; and the answering affidavit we think sets up no defense to the cause of action.

The main and it seems the only contention of the defendant is based upon its counter-claim, which is in three counts, and which, in effect, allege the delivery to the plaintiff of one hundred and fifteen shares of stock by a third person who held the legal title thereto, which it is alleged the plaintiff, after

demand, refused to return, and the counter-claim seeks to recover damages for the value of such stock upon the theory that it was really the property of the defendant.

The pleadings on their face show that an assignment of these shares was given by such third person to the defendant on July 15th, 1932, while the original summons and complaint was issued on July 8th, 1932, and was served upon that date.

The first question is whether a cause of action accruing to the defendant, after the original cause of action had been started, can be set up in the way of a counter-claim. Obviously this cannot be done in the circumstances of the present case, and the court below so determined. *Whitaker* v. *Turnbull*, 18 *N. J. L.* 172.

The contention of the defendant is that this cause of action was always in the defendant, and that this transfer of July 15th was merely for the purpose of placing in the defendant the legal title to the shares of stock. In such case the question is one for a court of equity, and not for a law court, because, upon the admitted facts, on July 8th, at the time when the suit upon the note was begun, the legal title to the shares of stock was at that time in someone other than this defendant, and such legal title was not acquired by this defendant until July 15th, some seven days after the original cause of action had been instituted.

Furthermore, as the court below pointed out, a suit against the bank for the conversion of this stock is one that could not be conveniently tried in this suit upon the note, because such a suit would be for conversion of such stock, and would so confuse the issues that a jury could not conveniently pass upon the questions raised in the case.

We think that the court below, under the circumstances, properly struck out the answer and counter-claim and entered summary judgment for the plaintiff on the note, leaving the defendant, if it is so advised, to its remedy of a separate cause of action against the bank for whatever damages, if any, it has sustained because of its alleged conversion of the stock in question.

The judgment will be affirmed, with costs.